that Minter-Smith-Hardware Company was a resident of Toombs County with a branch office in Candler County, and that the petition did not show that the Minter-Smith Hardware Company was insolvent. The court sustained the demurrer and dismissed the petition, and the plaintiff excepted.

*W. T. Burkhalter,* for plaintiff.

*Kirkland & Kirkland,* for defendant.

---

### CHANDLER *v.* KEESE.

HILL, J. 1. "A petition to a court of equity to cancel a deed as a cloud upon the title of the grantor, on the basis that it was void as representing a sale by a wife of her separate estate to her husband for a valuable consideration, without an order of the superior court of her domicile, when there was no offer to return the consideration recited and acknowledged in the deed to have been received, is demurrable." *Echols* v. *Green,* 140 *Ga.* 678 (5) (79 S. E. 557), and cases cited; *Williams* v. *Fouché,* 157 *Ga.* 227 (121 S. E. 217).

2. Applying the principle ruled above to the facts of this case, the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except Russell, C. J., disqualified.*

No. 4633. APRIL 18, 1925.

Equitable petition. Before Judge Hodges. Franklin superior court. October 4, 1924.

*Richard B. Russell Jr.,* for plaintiff.

*A. S. Skelton,* for defendant.

---

### WHITE *et al. v.* CHISOLM.

GILBERT, J. The court did not err in overruling the demurrers.

*Judgment affirmed. All the Justices concur.*

No. 4661. APRIL 18, 1925.

Equitable petition. Before Judge Humphries. Fulton superior court. November 12, 1924.

The petition, filed by H. H. Chisolm against E. L. Wight of Fulton County, and George Rosenbush and O. D. White of DeKalb County, as amended, alleged in substance as follows: Wight and Rosenbush are partners engaged in the business of making small loans at high rates of interest, and of purchasing and taking assign-

ments of salaries and wages. They have an office and place of business in Fulton County, Georgia, and conduct business in several different cities and under several different names; in the city of Birmingham, Ala., they operate under the name of Birmingham Finance Company. O. D. White is engaged in the same line of business at Birmingham under the trade-name of Alabama Finance Company, and is the manager of the business conducted by the other two defendants at Atlanta under the name of Wight & Rosenbush. On November 19, 1921, petitioner instituted, in Jefferson County, Alabama, a suit against "Birmingham Finance Company, a partnership composed of E. L. Wight and George Rosenbush, and E. L. Wight and George Rosenbush individually," setting up that on "November 14, 1921, the defendant placed with the Southern Railway Company, a corporation, and employer of the plaintiff, notice of an assignment which the defendant claimed to have against the wages of the plaintiff earned by the plaintiff from said Southern Railway Company during October, 1921, and the plaintiff avers that said defendant did not have a valid assignment against the plaintiff, but placed notice of same with the said Southern Railway Company, and refused to withdraw same, although requested to do so, and maliciously held same with said Southern Railway Company, and as approximate consequence of said acts, done with malice, the plaintiff was caused to be discharged or held off from said employment, and his money was held up, all to his damage as aforesaid." In that suit the following appearance was entered on behalf of defendants. "Now comes D. D. Trimble, atty. and agent for B'ham Finance Co., E. L. Wight, and George Rosenbush, the above-named defendants, and hereby enters an unqualified appearance for said defendants. D. D. Trimble, Atty. for Defendants." Upon the trial of that case the jury returned the following verdict: "We, the jury, find for the plaintiff against the defendant Birmingham Finance Company, and assess his damages at the sum of twenty-five hundred ($2500.00) dollars. We, the jury, find for the defendants E. L. Wight and George Rosenbush." The following judgment was entered: "It is ordered and adjudged by the court that the plaintiff have and recover of the defendant Birmingham Finance Co., a partnership composed of E. L. Wight and George Rosenbush, the sum of twenty-five hundred ($2500.00) dollars, the amount of plaintiff's debt and

damages as ascertained and assessed by the jury upon the proof produced upon the trial of this cause, besides his costs in this behalf expended, for which execution may issue. It is further ordered and adjudged by the court that the plaintiff is not entitled to have and recover of the defendants E. L. Wight and George Rosenbush individually."

Said court had jurisdiction of both parties and subject-matter, and said judgment is binding upon all parties thereto, and is entitled to full faith and credit in all other jurisdictions of the United States. The firm known as "Birmingham Finance Company" and composed of E. L. Wight and George Rosenbush, the defendant in the suit above set out, was, at the time of the institution of said proceedings and all times subsequent thereto, identical with the firm known as "Wight and Rosenbush" and composed of George Rosenbush and E. L. Wight, and the firm name "Birmingham Finance Company" was a name used and adopted in the city of Birmingham by the firm of "Wight and Rosenbush." Immediately upon the entry of said judgment, Birmingham Finance Company transferred all of the assets held by it, consisting of assignments of wages and cash to the amount of $10,000, to Alabama Finance Company; such transfer was made for the purpose of hindering, delaying, and defrauding petitioner and making impossible the enforcement of his judgment; the transfer of the property was made without any valid consideration, and with knowledge, or with notice and reasonable ground for suspicion on the part of the transferee, of the intent and purpose of the transferors; at the time of such transfer and conveyance specified sections of the Code of Alabama provided: "All conveyances, or assignments in writing, or otherwise, of any estate or interest in real or personal property, and every charge upon the same, made with intent to hinder, delay, or defraud creditors, purchasers, forfeitures, debts, or demands; and every bond or other evidence of debt given, suit commenced, decree or judgment suffered, with the like intent, against the persons who are or may be so hindered, delayed, or defrauded, their heirs, personal representatives, and assigns, are void," and "Any person, who, with intent to hinder, delay, or defraud creditors, makes or receives any conveyance of property, must, on conviction, be fined not less than one hundred nor more than one thousand dollars; and may also be imprisoned in the

county jail, or sentenced to hard labor for the county, for not more than six months." Petitioner will be unable to enforce his judgment unless said transfer is set aside and White is required to account for the property so turned over to him. The prayers are, for judgment against Wight & Rosenbush, a partnership composed of E. L. Wight and George Rosenbush, for $2500, with interest; that the transfer of said property be annuled and set aside as a fraud upon petitioner; that White be required to account for the same; for general relief, and process.

All of the defendants demurred generally on the grounds: (1) the petition does not set out a cause of action; (2) the allegations of the petition do not plainly, fully, and distinctly set forth a cause of action authorizing the relief prayed for; (3) the allegations of fraud are not plainly, fully, and distinctly set forth, the same not having been pleaded with the definiteness and particularity required by law to authorize the granting of the relief sought; (4) it does not appear from the allegations of fraud pleaded whether the transfer set out was made in Georgia, nor where made, nor that the same was unlawfully made; (5) the complaint made in the allegation that "plaintiff was caused to be discharged, or held off from said employment and his money held up, all to his damage as aforesaid," is shown to be in the disjunctive, and therefore no complaint known to the laws of Georgia authorizing a recovery is presented. White also demurred generally on the further ground that under the allegations of the petition the superior court of Fulton County is shown to be without jurisdiction of the subject-matter of plaintiff's suit against him, it appearing that the property involved is located in the State of Alabama and not in the State of Georgia. Separate special demurrers were filed by each of the defendants. Those of Wight and Rosenbush are identical in the following respects. The following portions of the petition, to wit: "The said E. L. Wight and George Rosenbush are partners engaged in the business of making small loans at high rates of interest and of purchasing and taking assignments of salaries and wages," and "The said E. L. Wight and George Rosenbush are engaged as partners in said business in several different cities and under several different names," and "It is the practice of the said E. L. Wight and George Rosenbush, acting as said partnership, to adopt usually as a part of the partner-

ship name used in each city a name which incorporates the name of the city in question," show no liability, individually or collectively, upon the part of defendants, are irrelevant, immaterial, prejudicial to defendant's defense, and not pleaded in good faith. The averment of the petition, "The said [Alabama] court is a court of record and a court of general jurisdiction in said State, with jurisdiction in said State and county," sets forth conclusions of law and fact of the pleader, and is not pleaded with the definiteness and particularity required by law authorizing the recognition of judgments rendered by foreign courts, in that no part of the law, in tenor, substance, or effect, creating, establishing, or regulating the practice and procedure in said court, is set out in the petition. The averment that "On May 20, 1923, in said case a verdict and judgment were entered in favor of petitioner against the said Birmingham Finance Company, a partnership composed of E. L. Wight and Geo. Rosenbush, for the principal sum of twenty-five hundred ($2500.00) dollars and costs of court," is vague, indefinite, not pleaded with the particularity and definiteness required by law, and sets forth conclusions of law and fact. Plaintiff's suit is multifarious, in that it undertakes to join separate and distinct parties and prays for separate and distinct relief against separate and distinct parties, without showing any unity or privity of interest or liability.

White demurred specially to the averment, "Your petitioner alleges, on information and belief, . . had assets at the time of the said transfer, consisting of assignments of wages and cash to the amount of ten thousand ($10,000) dollars," on the ground that the same is vague, indefinite, not pleaded with sufficient definiteness and particularity to enable defendant to intelligently plead, and that the amount of assignments and the amount of cash are not stated separately; and to the averment, "The said O. D. White is engaged in the same kind of business as the other defendants," on the ground that the same is irrelevant and immaterial, prejudicial to defendant's defense, shows no right on the part of plaintiff to the relief sought, and is not pleaded in good faith. All of the defendants joined in the following grounds of special demurrer: (1) The part of the petition wherein petitioner pleads "unqualified appearance of defendants" is pleaded as a part of an appearance for defendants, when the same shows

upon its face that it was no part of the pleadings filed by defendants, not being stated after the statement of the case, before the signature of the alleged attorney for defendants, and is prejudicial to defendant's defense. (2) The judgment rendered in the Alabama court (previously quoted and not restated here) does not follow the verdict upon which the judgment was predicated, in that the judgment undertakes to create an individual liability on the part of E. L. Wight and George Rosenbush, the portion of the judgment, to wit: "It is ordered and adjudged by the court that the plaintiff have and recover of the defendant Birmingham Finance Company, a partnership composed of E. L. Wight and George Rosenbush, the sum of twenty-five hundred ($2500.00) dollars, the amount of plaintiff's debt, and damages as ascertained and assessed by the jury. upon the proof produced upon the trial of this cause, besides his costs in this behalf expended, for which execution may issue," not being authorized by said verdict and being immaterial, irrelevant, and prejudicial to defendant's defense. (3) The averment of the petition that "In said suit the said circuit court of the State of Alabama had jurisdiction of both parties and subject-matter, and the judgment rendered in said cause was binding upon all parties thereto, and is entitled to full faith and credit in all other jurisdictions of the United States," is not pleaded with the particularity and definiteness required by law, sets forth conclusions of law and fact of the pleader, does not show any jurisdiction of the subject-matter of plaintiff's suit in the State of Alabama against defendants, and does not show any reason why the pleadings and judgment declared upon should be given the faith and credit claimed. (4) The averment that "Petitioner alleges that the firm known as 'Birmingham Finance Company' and composed of E. L. Wight and George Rosenbush, the defendant in said suit in said circuit court of Alabama, at the time said proceedings were instituted, and at all times subsequent thereto, was identical with the firm known as 'Wight and Rosenbush' and composed of the said George Rosenbush and E. L. Wight, and that the firm name 'Birmingham Finance Company' was a name used and adopted in the City of Birmingham by the said firm 'Wight and Rosenbush,'" is vague, indefinite, not pleaded with the particularity required by law, sets forth conclusions of fact only, it not appearing from the part of

the Alabama suit pleaded that Alabama Finance Company, E. L. Wight and George Rosenbush, and Wight and Rosenbush are the same parties, and that said allegation is prejudicial to defendants' defense and contradictory of the record of the foreign suit, verdict, and judgment as pleaded. (5) The averment, "Petitioner alleges that the said firm of Wight and Rosenbush is engaged in the business of making loans on salary assignments on personal security in several of the Southern States, and adopts in each locality a descriptive trade name or style such as Atlanta Finance Company, Birmingham Finance Company, Alabama Finance Company," etc., is foreign to the record pleaded by plaintiff as to the Alabama suit, is prejudicial to defendants' defense and shows no liability on the part of defendants nor right on the part of plaintiff to the relief prayed.

All of the demurrers were overruled, and the defendants excepted.

*R. R. Jackson* and *T. L. Lanford,* for plaintiffs in error.

*Earl Sims,* contra.

---

## SEABOARD AIR-LINE RAILWAY COMPANY *v.* JOLLY.

1. Under the facts and circumstances set forth in the first question of the Court of Appeals, it was incumbent upon the court below to observe the rule prescribed in the statute which requires that demurrers, pleas, and answers shall be disposed of in the order named; and the expression, "demurrers," used above, includes special demurrers as well as general demurrers; and the refusal of the court to dispose of the special demurrers was error.

2. The second question certified in this case is, "In the event the preceding question is answered in the affirmative, has the Court of Appeals any right or authority to pass upon the merits of the special demurrers, and, in the event this court should decide they were without merit, to hold that the error of the trial judge in failing to pass upon them was harmless?" While, as we have ruled above, the trial court should have passed upon the demurrers before proceeding with the trial of the case upon the facts, nevertheless it was competent for the Court of Appeals to examine the special demurrers, and if, after examination, they were found to be without merit, to so rule, and to hold that the error of the trial judge in failing to pass upon them was harmless.

3. This court is of the opinion that the ruling in the fifth division of the